IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Nirvanix, Inc., | : | Case No. 13-12595 (BLS) |
| | : | |
| Debtor. | : | |

**Obj. Deadline: October 18, 2013**
**Hearing Date:  October 23, 2013 at 9:30 a.m.**

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF THE DEBTOR PURSUANT TO SECTIONS 105(A), 363 AND 365 OF THE BANKRUPTCY CODE FOR AN ORDER APPROVING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**

In support of her objection to the Motion of the Debtor Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code for an Order Approving Procedures in Connection With the Sale of Substantially All of the Debtor's Assets (the "Motion"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear this Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Objection.

## BACKGROUND

4.      On October 1, 2013, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      As of this date, no official committee of unsecured creditors has been appointed in this case.

6.      On October 7, 2013, the Debtor filed the Motion, whereby the Debtor seeks approval of bidding procedures to sell substantially all of its assets. The proposed stalking horse purchaser for the Lot 1 assets has offered a purchase price of $2.8 million, plus assumed liabilities. There is no stalking horse purchaser for the Lot 2 assets.

## ARGUMENT

*Lot 2 Break-up Fee*

7.      The Debtor seeks authority to provide to a Lot 2 stalking horse bidder a break-up fee not to exceed 5% of its cash bid. (Motion, ¶ 34). The U.S. Trustee objects to the approval of a break-up fee prior to the identification of a stalking horse bidder for Lot 2. Break-up fees are ordinarily predicated on the stalking horse having placed the estate's property in a sales posture to attract other bidders to the auction, actually serving as a catalyst to attract additional bids, or in some other way preserving or enhancing the value of the estate. No break-up fee should be awarded, if at all, until after an acceptable offer has been received from a stalking horse who has provided a demonstrated benefit to the estate; someone must be able to assert an administrative expense claim against the estate under 11 U.S.C. § 503(b). *See In re Reliant Energy Channelview LP,* 594 F.3d 200 (3d Cir. 2010)*;*

*Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527, 535 (3d Cir. 1999) (". . . the allowability of break-up fees, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate").

8. Accordingly, the Court should deny the Lot 2 break-up fee at this time, as there is no prospective sale arranged yet, no stalking horse bidder has been identified, and the Debtor has not disclosed either the minimum value of the transaction or the circumstances supporting payment of the break-up fee as an actual and necessary administrative expense. In sum, the relief sought is premature, the Debtor is seeking court approval of an administrative expense before an administrative expense claimant has provided any benefit to the estate.

*Local Rule Requirements*

9. The proposed bidding procedures provide that only the Debtor, qualified bidders, the DIP Lenders and the Committee, along with their representatives shall be permitted to attend the auction. (Motion, Exhibit 1, p. 7). Local Rule 6004-1 (c)(ii) states that unless otherwise ordered by the Court, the sale procedures order shall provide that "the auction be conducted openly and all creditors will be permitted to attend." The Debtor has not sought, nor does there appear to be justification for waiver of this requirement in this case.

*Credit Bids*

10. The proposed bidding procedures provide that a party making a credit bid will be deemed a qualified bid and entitled to bid at the auction. (Motion, Exhibit 1, p. 6). In the event that a party makes a credit bid, the bidding procedures should be modified to exclude such party from the "Consulting Parties" who are given the right to evaluate and determine

3

which bid constitutes the highest and best offer for the Debtor's assets.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion as written and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By:  */s/ Jane M. Leamy*
Jane M. Leamy (#4113)
Trial Attorney
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Dated: October 17, 2013            (302) 573-6497 (Fax)