IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NIRVANIX, INC.,<br><br>           Debtor. | Chapter 11<br><br>Case No. 13-12595 (BLS)<br><br>**Committee's Requested Sale Date: December 16, 2013 at 1:00 p.m. (EST); December Sale Hearing Date: December 20, 2013 at 12:00 p.m. (EST)**<br><br>Re: Dkt. No. 93 |

### MOTION TO CONTINUE SALE OF ASSETS AND DATE OF AUCTION

1.    The newly formed Official Committee for Unsecured Creditors ("Committee") for Nirvanix, Inc. ("Debtor"), through their undersigned proposed counsel, hereby file this Motion to Continue the Sale of Debtor's Assets and Date of Auction ("Motion to Continue"). In support of this Motion to Continue, the Committee respectfully submits as follows:

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The predicates for the relief requested herein are sections 105(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.* as amended, the "Bankruptcy Code").

### BACKGROUND

4.    On November 4, 2013, the Committee was appointed in this Bankruptcy Case.

5.    On October 23, 2013, prior to the formation of the Committee, the Court approved the Debtor's Sale Procedures [Docket No. 93], and set the date for the auction of

Debtor's assets. The date of the auction for the sale of Debtor's assets ("Auction") is set for November 15, 2013, which is just 11 days after the formation of the Committee and before the approval of Committee counsel. Further, before the formation of the Committee, the Court approved a request by Debtor to extend the date of submitting their Schedules to the date of the Auction, November 15, 2013 [Docket No. 132]. The Court has also set November 19, 2013 as the date for the hearing to approve the sale(s) ("Sale Hearing").

### RELIEF REQUESTED

6.     By this Motion to Continue, the Committee seeks entry of an order continuing the date of the Auction (and all subsequent related dates) for a period of thirty (30) days in order to provide the Committee with sufficient time to determine the appropriateness of the Stalking Horse Bid, obtain information concerning the value of the Debtor's assets, determine the effect of the sale procedures on the unsecured creditors and analyze the propriety of the sale procedures.

7.     The aforementioned hearing and asset sale dates are within days of the appointment of the Committee in this case and, therefore, the Committee would be severely prejudiced if a continuance of said events is not granted. Furthermore, given that the sale of the assets appears to be solely to an insider of the Debtor, there can be no prejudice if a continuance is granted in order to permit the Committee to determine the propriety of the sale procedures and whether there needs to be any objection or adjustments in order to protect the unsecured creditors. The Committee's concerns include the need to confirm that the Debtor's assets were properly marketed and that the sale is not simply a "pass through" to an insider.

**BASIS FOR RELIEF**

8. In sum, the Committee is requesting that the Court, pursuant to its powers under 11 U.S.C. §105, et seq., continue the Auction and Sale Hearing for thirty (30) days in order to provide a short and reasonable amount time for the newly formed Committee to obtain, analyze and evaluate information and documentation concerning the Sale Procedures and their effect on the unsecured creditors' claims. The Committee further requests that the Court extend the November 12, 2013 objection to the sale deadline to a date commensurate with the continued Sale Date hearing.

9. Without more information, the Committee perceives no need for the level of exigency sought by Debtors with respect to the Auction (which is set just 45 days after the date of the Petition) given the Committee's understanding that the Stalking Horse in this matter is a current and/or former insider of Debtor. Moreover, the secured creditor of the Debtor is an insider. Thus, the valuation of the Debtor's assets raises significant concerns for the Committee and needs to be evaluated by the Committee. As far as the Committee is aware, the Debtor is relying on its "going concern" marketing from earlier this year or last year and the Committee is not convinced that a more active marketing campaign for the Debtor's assets could not have been accomplished to market and value the assets of the Debtor.

10. The Debtor's Schedules are not set to be filed until the date of the Auction and the Committee will require information from the Schedules (as well as other documentation) to evaluate the sale procedures. Moreover, the need for exigency appears to be non-existent. Debtor is not a going concern as the Committee understands that Debtor told all of its customers to leave prior filing the Petition and there are no more customers. Further, there does not seem to be a need for any rush as Debtor has only a handful of *de minimis* employees remaining.

11. Therefore, the lack of the requested continuance would serve to prevent the Committee's opportunity to properly evaluate the issues relating to the sale of Debtor's assets and the objections that should be made on behalf of the Committee related thereto.

12. The Committee is diligently attempting to determine the information that it needs in order to evaluate the sale procedures and determine its position with respect to approval of the sale of Debtor's assets. Information that is required by the Committee includes documentation supporting the values assigned to the Intellectual Property that comprises the assets contained in Lot 1 as well as documentation concerning the values of the remaining assets contained in Lot 2. Additionally, the Committee intends to obtain an appraisal of the Debtor's intellectual property in order to confirm the propriety of the Stalking Horse Bid. Further, the Committee needs time to review and analyze the Debtor's Schedules, when they are submitted, as well as the relationships of the potential buyer(s) to the Debtor and Stalking Horse bidder.

13. Based on the lack of information provided by the Debtor (most notably the fact that the Schedules have not been filed which would generally be the best starting place for the Committee to begin to understand the Debtor's asset picture), it is reasonable for the Committee to request that the court defer the Auction and the Sale Hearing for a limited period of time (e.g. thirty (30) days) in order to allow the Committee to analyze the Schedules when they are filed on November 15, 2013 and then evaluate what objections to the sale, if any, need to be made in order to protect the unsecured creditors.

14. Although the Committee is hopeful that no further extensions will be requested and/or necessary, the Committee reserves its rights to seek further extensions to the extent it is warranted. The Committee further reserves all objections relating to the sale of Debtor's assets

which are, heretofore, unknown to the Committee by virtue of the lack of time to gather sufficient information relating to the sale of Debtor's Assets.

15. In order to preserve all objections, the Committee hereby makes a general objection to the entirety of the Sale Procedures and the sale of Debtor's assets.

## CONCLUSION

15. For the reasons stated above, the Committee respectfully requests that this Court defer the Date of Auction and Sale Hearing for a minimum of thirty (30) days in order to provide the Committee with sufficient time to obtain and evaluate information relating to the sale of Debtor's assets.

[*Signatures on Following Page*]

Dated: November 13, 2013
       Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
Julia B. Klein (DE 5189)
824 Market Street, Suite 810
Wilmington, DE 19801
Tel.: (302) 777-1111
rosner@teamrosner.com
klein@teamrosner.com

*Proposed Counsel for the Committee of Unsecured Creditors*

- and -

Dated:  November 13, 2013
       Westlake Village, California

**BRINKMAN PORTILLO RONK PC**

*/s/  Daren R. Brinkman*
Daren Brinkman (Cal. State Bar No. 158698)
Laura J. Portillo (Cal. State Bar No. 186813)
Kevin C. Ronk (Cal. State Bar No. 241598)
David H. Oken (Cal. State Bar No. 175219)
4333 Park Terrace Drive, Suite 205
Westlake Village, California 91361

*Proposed Counsel for the Committee of Unsecured Creditors - Admitted Pro Hac Vice*