# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nirvanix, Inc.,[1]<br><br>                     Debtor. | Chapter 11<br><br>Case No. 13-12595 (BLS)<br><br>Related to Docket No. 49 |

**ORDER (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS PROVIDED IN THE SUCCESSFUL BIDDER'S PURCHASE AGREEMENT; (B) AUTHORIZING AND APPROVING PURCHASE AGREEMENT RELATED THERETO; (C) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTOR'S EXECUTORY CONTRACTS RELATED THERETO; AND (D) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i)(a) approving procedures in connection with the Sale(s) of substantially all of the Debtor's assets; (b) approving the Lot 1 Stalking Horse Bidder Protections; (c) scheduling the related Auction(s) and hearing to consider approval of the Sale(s); (d) approving procedures related to the assumption and assignment of certain of the Debtor's executory contracts and unexpired leases;

---

[1] The last four digits of the Debtor's federal tax identification number are 6586. The Debtor's address is 9191 Towne Centre Drive, Suite 510, San Diego, California 92122.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

(e) approving the form and manner of notice thereof; (f) authorizing the United States Trustee to appoint a consumer privacy ombudsman, and (g) granting related relief; and (ii)(a) authorizing the Sale(s) of such assets free and clear of liens, claims, encumbrances, and other interests of any kind, except as provided by a Purchase Agreement; (b) approving the assumption and assignment of certain of the Debtor's executory contracts and unexpired leases related thereto (the "Assumed Executory Contracts"); and (c) granting related relief; the Court having reviewed the Motion and the supplemental filings related thereto and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and good and sufficient cause having been shown;

AND FURTHER FOUND AND DETERMINED THAT:

A.   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.   To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2080872 v4/NY

**Notice**

C. Actual written notice of the Sale Hearing, the Auction, the Motion, the sale of the Assets, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all known interested entities, including, but not limited to the following parties:

(i) the Office of the United States Trustee for the District of Delaware;

(ii) the Debtor's twenty largest unsecured creditors;

(iii) all official statutory committees;

(iv) various federal, state, county and city tax regulatory authorities;

(v) all Potential Bidders; and

(vi) all entities who are known to possess or assert a secured claim against the Debtor (collectively, the "Notice Parties").

D. In accordance with the provisions of the Bidding Procedures, the Debtor has served notice upon the counterparties to Assumed Executory Contracts (if any): (i) that the Debtor seeks to assume and assign on the closing date of the Sale of the Lot 1 Assets (the "Closing Date"); and (ii) of the relevant Cure Amounts. The service of such notice was good, sufficient, and appropriate under the circumstances and no further notice need be given in respect of establishing a cure amount for the Assumed Executory Contracts. Each of the counterparties to the Assumed Executory Contracts (collectively, the "Contract Counterparties") have had an opportunity to object to the cure amounts set forth in the notice.

E. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including, without limitation:

2080872 v4/NY

(i) determination of final Cure Amounts; and (ii) approval and authorization to serve the Procedures Notice.

F. The Procedures Notice provided all interested parties with timely and proper notice of the Sale, the Sale Hearing, and the Auction.

G. As evidenced by the affidavits of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the Auction, the Sale Hearing, and the Sale has been provided in accordance with Bankruptcy Code sections 102(1), 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014. The Debtor also has complied with all obligations to provide notice of the Motion, the Auction, the Sale Hearing, and the Sale required by the Bidding Procedures Order. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Auction, the Sale Hearing, or the Sale is required.

H. The disclosures made by the Debtor concerning the Successful Bidder's Purchase Agreement, the Auction, the Sale, and the Sale Hearing were good, complete, and adequate..

### Good Faith of Successful Bidder for Lot 1 Assets

I. The Successful Bidder for Lot 1 is not an "insider" of the Debtor, as defined in Bankruptcy Code section 101(31).

J. The Successful Bidder for Lot 1 is purchasing the Lot 1 Assets in good faith and is a good faith buyer within the meaning of Bankruptcy Code section 363(m). The Successful Bidder for Lot 1 is, therefore, entitled to the full protections of section 363(m) and has proceeded in good faith in all respects in connection with this proceeding in that, among

other things: (i) the Successful Bidder for Lot 1 complied with the provisions in the Bidding Procedures Order; (ii) all payments to be made by the Successful Bidder for Lot 1 and other agreements or arrangements entered into by the Successful Bidder for Lot 1 in connection with the Sale have been disclosed; (iii) the Successful Bidder for Lot 1 has not violated Bankruptcy Code section 363(n) by any action or inaction; (iv) no common identity of directors or controlling stockholders exists between the Successful Bidder for Lot 1 and the Debtor; and (v) the Successful Bidder's Purchase Agreement for Lot 1 was negotiated at arm's-length and in good faith.

### Successful Bidder for Lot 1

K.  The Lot 1 Stalking Horse Bidder was the only party to submit a Qualified Bid for the Lot 1 Assets. The Debtor did not receive any other Qualified Bids for the Lot 1 Assets prior to the Bid Deadline. Therefore, pursuant to the terms of the Bidding Procedures Order, the Auction for the Lot 1 Assets was cancelled and the Lot 1 Stalking Horse Bidder was deemed the Successful Bidder for the Lot 1 Assets.

L.  The Successful Bidder's Purchase Agreement for Lot 1 constitutes the highest and best offer for the Lot 1 Assets and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative. The Debtor's determination that the Successful Bidder's Purchase Agreement for Lot 1 constitutes the highest and best offer for the Lot 1 Assets constitutes a reasonable exercise of the Debtor's business judgment.

M.  The Successful Bidder's Purchase Agreement for Lot 1 represents a fair and reasonable offer to purchase the Lot 1 Assets under the circumstances of this chapter 11

5

case. No other entity or group of entities has offered to purchase the Lot 1 Assets for greater economic value to the Debtor's estate than the Successful Bidder for Lot 1.

N. Approval of the Motion and the Successful Bidder's Purchase Agreement for Lot 1 and the consummation of the transactions contemplated thereby is in the best interests of the Debtor, its creditors, its estate, and all other parties-in-interest.

O. The Debtor has demonstrated compelling circumstances and a good and sufficient business purpose and justification for the Sale of the Lot 1 Assets.

P. Section 363(b)(1) of the Bankruptcy Code is not implicated by the sale of the Lot 1 assets because the Lot 1 assets do not include personally identifiable information as defined by 11 U.S.C. § 101(41A).

### No Fraudulent Transfer

Q. The consideration provided by the Successful Bidder for Lot 1 pursuant to the Successful Bidder's Purchase Agreement for Lot 1 is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, and the District of Columbia.

R. The Successful Bidder for Lot 1 is not a mere continuation of the Debtor or its estate and there is no continuity between the Successful Bidder for Lot 1 and the Debtor. The Successful Bidder for Lot 1 is not holding itself out to the public as a continuation of the Debtor. The Successful Bidder for Lot 1 is not a successor to the Debtor or its estate and the Transaction does not amount to a consolidation, merger, or de facto merger of the Successful Bidder for Lot 1 and the Debtor. Except to the extent set forth in the Successful Bidder's Purchase Agreement for Lot 1, the Successful Bidder for Lot 1 is not liable as a successor under

any theory of successor liability for liens, claims, encumbrances, and interests of any kind that encumber or relate to the Lot 1 Assets.

### Validity of Transfer

S.   The Debtor has full corporate power and authority to execute and deliver the Successful Bidder's Purchase Agreement for Lot 1 and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the transactions contemplated by the Successful Bidder's Purchase Agreement for Lot 1, except as otherwise set forth in the Successful Bidder's Purchase Agreement for Lot 1.

T.   The transfer of each of the Lot 1 Assets to the Successful Bidder for Lot 1 will be, as of the Closing Date, a legal, valid, and effective transfer of such assets, and each such transfer vests or will vest the Successful Bidder for Lot 1 with all right, title, and interest of the Debtor to the Lot 1 Assets free and clear of all liens, claims, interests and encumbrances accruing, arising, or relating thereto any time prior to the Closing Date (collectively, "Liens"), except for any Assumed Liabilities (as defined in Successful Bidder's Asset Purchase Agreement) under the Successful Bidder's Purchase Agreement for Lot 1.

### Satisfaction of Section 363(f)

U.   The Successful Bidder for Lot 1 would not have entered into the Successful Bidder's Purchase Agreement for Lot 1 and would not consummate the transactions contemplated thereby if the sale of the Lot 1 Assets to the Successful Bidder for Lot 1, and the assumption, assignment, and sale of the Assumed Executory Contracts to the Successful Bidder for Lot 1, were not free and clear of all Liens, claims, encumbrances, and interests of any kind or nature whatsoever (except those liabilities that are expressly assumed pursuant to the Purchase

7

Agreement (the "Assumed Liabilities"), or if the Successful Bidder for Lot 1 would, or in the future could, be liable for any of such Liens, claims, encumbrances, and interests of any kind.

V. The Debtor may sell the Lot 1 Assets free and clear of all Liens, claims, encumbrances, and interests of any kind against the Debtor, its estate, or any of the Lot 1 Assets (except for the Assumed Liabilities) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens, claims, encumbrances, and interests of any kind against the Debtor, its estate, or any of the Lot 1 Assets who did not object, or who withdrew their objections, to the Sale of the Lot 1 Assets or the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such Liens, claims, encumbrances, and interests of any kind who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Liens, claims, encumbrances, and interests of any kind, if any, in each instance against the Debtor, its estate, or any of the Lot 1 Assets, attach to the cash proceeds from the Sale of the Lot 1 Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force, and effect that such creditor had prior to the Sale of Lot 1, and subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

### Assumption and Assignment of Assumed Executory Contracts

W. The assumption and assignment of the Assumed Executory Contracts pursuant to the terms of this Order is integral to the Successful Bidder's Purchase Agreement for Lot 1, is in the best interests of the Debtor and its estate, creditors, and other parties in interest, and represents a reasonable exercise of the Debtor's business judgment.

2080872 v4/NY

X. No amounts are due with respect to the Assumed Executory Contracts under Bankruptcy Code sections 365(b)(1)(A) and (B) and 365(f)(2)(A) to cure any monetary defaults or pay any pecuniary losses under the Assumed Executory Contracts (the "Cure Amounts"), subject to the Successful Bidder's right to remove any Assumed Executory Contract from the list of those to be assumed and assigned to the Successful Bidder for Lot 1, or separately to make further additions, as provided in the Successful Bidder's Purchase Agreement for Lot 1.

Y. Pursuant to the terms of the Successful Bidder's Purchase Agreement for Lot 1, on or before the Closing Date, the Debtor shall have: (i) cured or provided adequate assurance of cure of any monetary default existing prior to the Closing Date under any of the Assumed Executory Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code; (ii) provided compensation or adequate assurance of compensation to any party for actual pecuniary loss to such party resulting from a default prior to the Closing Date under any of the Assumed Executory Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code; and (iii) Successful Bidder for Lot 1 shall have provided adequate assurance of its future performance under the relevant Assumed Executory within the meaning of Bankruptcy Code sections 365(b)(1)(C) and 365(f)(2)(B).

### Compelling Circumstances for Immediate Sale

Z. To maximize the value of the Lot 1 Assets, it is essential that the closing of the Sale of Lot 1 occur within the time constraints set forth in the Successful Bidder's Purchase Agreement for Lot 1. Time is of the essence in consummating the Sale of Lot 1.

2080872 v4/NY

AA. Given all of the circumstances of this chapter 11 case and the adequacy and fair value of the purchase price under the Successful Bidder's Purchase Agreement for Lot 1, the Sale of Lot 1 constitutes a reasonable exercise of the Debtor's business judgment and should be approved.

BB. The consummation of the Sale of Lot 1 is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. All objections and responses to the Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3. The Successful Bidder's offer for the Lot 1 Assets, as embodied in the Successful Bidder's Purchase Agreement for Lot 1, is the highest and best offer for the Lot 1 Assets and is hereby approved.

4. The Successful Bidder's Purchase Agreement for Lot 1 annexed hereto as <u>Exhibit A</u> is hereby approved pursuant to section 363(b) of the Bankruptcy Code and the Debtor is authorized to consummate and perform all of its obligations under the Successful Bidder's Purchase Agreement for Lot 1 and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Successful Bidder's Purchase Agreement for Lot 1.

5.  Pursuant to section 363(f) of the Bankruptcy Code, the Lot 1 Assets may be sold and transferred free and clear of all Liens, claims, interests and encumbrances, except as otherwise provided in the Successful Bidder's Purchase Agreement for Lot 1, with any and all such Liens to attach to proceeds of such sale with the same validity, priority, force and effect such Liens had on the Lot 1 Assets immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Debtor and all interested parties with respect to any such asserted Liens.  Consequently, except as expressly permitted or otherwise specifically provided in the Successful Bidder's Purchase Agreement for Lot 1 or this Order, all persons and governmental units (as defined in Bankruptcy Code §§ 101(27) and 101(41)) and all holders of Liens based upon, arising out of or related to liabilities retained by the Debtor shall not take any action against the Successful Bidder for Lot 1 or the Lot 1 Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens or on account of any liabilities of the Debtor other than Assumed Liabilities pursuant to the Successful Bidder's Purchase Agreement for Lot 1.  All persons holding or asserting any Liens in assets which are not acquired by the Successful Bidder pursuant to the Successful Bidder's Purchase Agreement (the "Excluded Assets"), shall not assert or prosecute such Liens or causes of action against the Successful Bidder for Lot 1 or the Lot 1 Assets for any liability associated with the Excluded Assets.

6.  This Order shall be binding in all respects upon the Debtor and its estate and creditors, all holders of equity interests in the Debtor, all holders of any claims, whether known or unknown, against the Debtor, any holders of Liens, claims, encumbrances, and interests of any kind against or on all or any portion of the Lot 1 Assets, including, but not limited to all Contract

Counterparties, the Successful Bidder for Lot 1 and all successors and assigns of the Successful Bidder for Lot 1, and any trustees, examiners, responsible officers, estate representatives, or similar entities for the Debtor, if any, subsequently appointed in any of the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case. This Order and the Successful Bidder's Purchase Agreement for Lot 1 shall inure to the benefit of the Debtor, its estate and creditors, the Successful Bidder for Lot 1, and their respective successors and assigns.

7.  The Successful bidder for Lot 1 is not a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the Successful Bidder for Lot 1 shall not assume, be deemed to assume, or in any way be responsible for any liability, debt (as defined in Bankruptcy Code § 101(12)), or obligation of the Debtor and/or its estate including, without limitation, pursuant to any bulk sales law, successor liability, or other theory of liability or responsibility for any claim against the Debtor, against an insider of the Debtor, against the Lot 1 Assets, or similar liability except as otherwise expressly provided in the Successful Bidder's Purchase Agreement for Lot 1. The Motion contains sufficient notice of such limitations in accordance with Local Rule 6004-1. Except to the extent the Successful Bidder for Lot 1 assumes the Assumed Liabilities pursuant to the Successful Bidder's Purchase Agreement for Lot 1, neither the purchase of the Lot 1 Assets by the Successful Bidder for Lot 1 or its affiliates, nor the fact that the Successful Bidder for Lot 1 or its affiliates are using any of the Lot 1 Assets previously owned, used or operated by the Debtor, will cause the Successful Bidder for Lot 1 or any of its affiliates to be deemed a successor to, or be otherwise liable in any respect on account of the Debtor's business within the meaning of (i) any foreign, federal, state or local revenue, pension,

12

2080872 v4/NY

ERISA, tax, labor, employment, antitrust, regulatory, investigatory, safety, consumer protection, patent or intellectual property, business practices, environmental or other law, regulation, rule guideline, or other doctrine (including, without limitation, filing requirements under any such laws, regulations, rules, guidelines or other doctrines); (ii) under any products liability or product warranty law, regulation, rule, guideline, or other doctrine with respect to the Debtor's actual or potential liability under such law, regulation, rule, guideline, or doctrine; and (iii) any liabilities, debts, commitments or obligations for any taxes relating to the operation of the Lot 1 Assets prior to Closing.

8. Pursuant to Bankruptcy Code sections 105(a), 363(b), 363(f), 365(b), and 365(f), the Debtor is authorized to transfer the Lot 1 Assets on the Closing Date, and the Successful Bidder for Lot 1 is directed to pay the purchase price to the Debtor as provided in the Successful Bidder's Purchase Agreement for Lot 1. Except as otherwise provided in the Successful Bidder's Purchase Agreement for Lot 1, the Lot 1 Assets shall be transferred to the Successful Bidder for Lot 1 "as is, where is" with all faults in accordance with the Successful Bidder's Purchase Agreement for Lot 1 upon and as of the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of such Lot 1 Assets and, upon the Debtor's receipt of the purchase price, shall be free and clear of all Liens, claims, encumbrances, and interests of any kind, except any Assumed Liabilities. Upon the closing of the Sale of Lot 1, the Successful Bidder for Lot 1 shall take title to and possession of the Lot 1 Assets, subject only to any Assumed Liabilities.

9. All entities that are in possession of some or all of the Lot 1 Assets on the Closing Date are directed to surrender possession of such Lot 1 Assets to the Successful Bidder for Lot 1

2080872 v4/NY

or its assignee at the closing of the Sale of Lot 1. All entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Lot 1 Assets to the Successful Bidder for Lot 1 in accordance with the terms of the Successful Bidder's Purchase Agreement for Lot 1 and this Order.

10. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Lot 1 Assets shall be free and clear of any and all Liens, claims, encumbrances, and interests of any kind, except for the Assumed Liabilities. The Successful Bidder for Lot 1 is not and shall not be liable as a successor under any theory of successor liability for Liens, claims, encumbrances, and interests of any kind that encumber or relate to the Lot 1 Assets. All Liens, claims, encumbrances, and interests of any kind shall attach solely to the proceeds of the Sale of the Lot 1 Assets with the same validity, priority, force, and effect that they now have as against the Lot 1 Assets, and subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

11. On the Closing Date, the Debtor and each applicable creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release Liens, claims, encumbrances, and interests of any kind (except for the Assumed Liabilities) on the Lot 1 Assets, if any, as provided for herein, as such Liens, claims, encumbrances, and interests may have been recorded or may otherwise exist.

12. Except as expressly permitted or otherwise specifically provided by the Successful Bidder's Purchase Agreement for Lot 1 or this Order, all entities holding Liens, claims, encumbrances, and interests of any kind in all or any portion of the Lot 1 Assets (other than the Assumed Liabilities) arising under or out of, in connection with, or in any way relating

14

to the Debtor, the Lot 1 Assets, the operation of the Debtor's business prior to the Closing Date, or the transfer of the Lot 1 Assets to the Successful Bidder for Lot 1, are hereby forever prohibited and permanently enjoined from asserting such Liens, claims, encumbrances, and interests against the Successful Bidder for Lot 1, its successors or assigns, their property, or the Lot 1 Assets.

### Assumed Executory Contracts

13. <u>Authorization to Assume and Assign</u>. Upon the closing of the Sale of Lot 1, the Debtor is authorized to assume and assign each of the Assumed Executory Contracts to the Successful Bidder for Lot 1 free and clear of all Liens, claims, encumbrances, and interests of any kind, as described herein. The payment of the applicable Cure Amounts (if any) with regard to the Assumed Executory Contracts shall (a) effect a cure of all defaults existing thereunder as of the Closing Date and (b) compensate for any actual pecuniary loss resulting from such default. The Debtor shall then have assumed the Assumed Executory Contracts and assigned them to the Successful Bidder for Lot 1 and, pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Debtor of the Assumed Executory Contracts shall not be a default thereunder. After the payment of the relevant Cure Amounts, neither the Debtor nor the Successful Bidder for Lot 1 shall have any further liabilities to the Contract Counterparties other than the Successful Bidder's obligations under the Assumed Executory Contracts that accrue and become due and payable on or after the Closing Date. Nothing in this Order shall affect the rights of the Successful Bidder for Lot 1, until the Closing Date, in its sole discretion, to add (subject to further notice and/or hearing as required by the Bankruptcy Code) any executory contract or unexpired lease of the Debtor to the list of Assumed Executory Contracts.

14. <u>Assignment Requirements Satisfied</u>.  Any provisions in any Assumed Executory Contracts that prohibit or condition the assignment of such Assumed Executory Contracts or allow the party to such Assumed Executory Contracts to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assumed Executory Contracts constitute unenforceable anti-assignment provisions that are void and of no force and effect.  Each Contract Counterparty who failed to file an objection to the proposed assignment of its contract with the Debtor (a "<u>Contract Assignment Objection</u>"), or by virtue of electing to withdraw such objection, is deemed to consent to the assumption by the Debtor and assignment to the Successful Bidder for Lot 1 of their Assumed Executory Contracts.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Successful Bidder for Lot 1 of the Assumed Executory Contracts have been satisfied.  Upon the closing of the Sale of Lot 1, in accordance with sections 363 and 365 of the Bankruptcy Code, the Successful Bidder for Lot 1 shall be fully and irrevocably vested with all right, title, and interest of the Debtor under the Assumed Executory Contracts.

15. <u>365(k)</u>.  Upon the closing of the Sale of Lot 1 and payment of the relevant Cure Amounts related to the Assumed Executory Contracts, if any, the Successful Bidder for Lot 1 shall be deemed to be substituted for the Debtor as a party to the applicable Assumed Executory Contracts and the Debtor shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assumed Executory Contracts.

16. <u>No Default</u>.  Upon the payment of the applicable Cure Amount, if any, the Assumed Executory Contracts will remain in full force and effect, and no default shall exist

16

under the Assumed Executory Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

17. <u>Adequate Assurance Provided</u>. The Successful Bidder for Lot 1 has provided adequate assurance of future performance under the relevant Assumed Executory Contracts within the meaning of Bankruptcy Code sections 365(b)(1)(C) and 365(f)(2)(B).

18. <u>No Fees</u>. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to the Successful Bidder for Lot 1 or the Debtor as a result of the assumption and assignment of the Assumed Executory Contracts.

19. <u>Injunction</u>. Pursuant to Bankruptcy Code sections 105(a), 363, and 365, all Contract Counterparties are forever barred and permanently enjoined from raising or asserting against the Debtor or the Successful Bidder for Lot 1 any assignment fee, default, breach, claim for pecuniary loss, or condition to assignment arising under or related to the Assumed Executory Contracts existing as of the Closing Date or arising by reason of the closing of the Sale of Lot 1.

## Other Provisions

20. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

21. The terms of this Order shall be binding on the Successful Bidder for Lot 1 and its successors, the Debtor, creditors of the Debtor and all other parties in interest in the Bankruptcy Cases, and any successors of the Debtor, including any trustee or examiner appointed in this case or upon a conversion of this case to one under chapter 7 of the Bankruptcy Code.

22. The transactions contemplated by the Successful Bidder's Purchase Agreement for Lot 1 are undertaken by the Successful Bidder for Lot 1 without collusion and in good faith,

2080872 v4/NY

as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of Lot 1 shall not affect the validity of the Sale of Lot 1 (including the assumption and assignment of the Assumed Executory Contracts), unless such authorization and consummation of such Sale of Lot 1 are duly stayed pending such appeal. The Successful Bidder for Lot 1 is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

23. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who maybe required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

24. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Successful Bidder's

18

Purchase Agreement for Lot 1, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

25. Nothing contained in any chapter 11 plan confirmed in this case or the order confirming any chapter 11 plan, nor any order dismissing this case or converting it to chapter 7 shall conflict with or derogate from the provisions of the Successful Bidder's Purchase Agreement for Lot 1, any documents or instrument executed in connection therewith, or the terms of this Order.

26. The failure specifically to include any particular provisions of the Successful Bidder's Purchase Agreement for Lot 1 or any of the documents, agreements or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement or instrument, it being the intent of the Court that the Successful Bidder's Purchase Agreement for Lot 1 and each document, agreement or instrument be authorized and approved in its entirety.

27. The Successful Bidder's Purchase Agreement for Lot 1 and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

Dated: Nor 19, 2013
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

2080872 v4/NY