## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NIRVANIX, INC., | : | Case No. 13-12595 (BLS) |
| | : | |
| Debtor.[1] | : | **Hearing Date: January 9, 2014 at 9:30 a.m.** |
| | : | **Objection Deadline: January 2, 2014 at 4:00 p.m.** |

## DEBTOR'S MOTION FOR ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7 OF THE BANKRUPTCY CODE

The above-captioned debtor and debtor in possession (the "Debtor"), by its undersigned counsel, hereby moves (the "Motion") for entry of an order, pursuant to section 1112 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order converting the above-captioned chapter 11 case (the "Chapter 11 Case") to a case under chapter 7 of the Bankruptcy Code as of January 13, 2014 (the "Conversion Date"). In support of the Motion, the Debtor respectfully states:

### JURISDICTION

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

2.      The statutory basis for relief requested herein is section 1112 of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 6586. The Debtor's headquarters and mailing address is 9191 Towne Centre Drive, Suite 510, San Diego, CA 92122.

## BACKGROUND

**A.      The Debtor's Chapter 11 Case**

3.      On October 1, 2013 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtor, including its business operations, its capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in detail in the *Declaration of Debra Chrapaty, in Support of Chapter 11 Petition and First Day Motions* [Docket No. 13], which is fully incorporated herein by reference.

4.      The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.  No trustee or examiner has been appointed in the Chapter 11 Case.

5.      On November 4, 2013, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case (the "Committee") [Docket No. 134]. The members of the Committee are: (i) By Appointment Only, Inc.; (ii) Independent Consulting Services; and (iii) Rebit, Inc.

**B.      Postpetition Financing**

6.      On October 4, 2013, the Court held a hearing and granted, on an interim basis, the Debtor's requested use of cash collateral and DIP financing and scheduled a final hearing for October 23, 2013.  *See* Docket No. 42, *Interim Order (I) Authorizing Debtor to Obtain Postpetition Secured Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Adequate Protection, (IV) Scheduling Final Hearing, and (V) Granting Certain Related Relief*.

7.      On October 23, 2013, the Court entered the *Final Order (I) Authorizing Debtor to Obtain Postpetition Secured Financing, (II) Authorizing Use of Cash Collateral, (III) Granting*

2

*Adequate Protection, and (IV) Granting Certain Related Relief* [Docket No. 92] (the "Final DIP Order") and accompanying final budget (the "Budget"). The Final DIP Order required the Debtor to repay the DIP loan obligations, including interest, using 100% of the proceeds from any sale of the Debtor's assets.

8.    On December 2, 2013, the Court approved the First Amendment to the Final DIP Order (the "DIP Amendment") [Docket No. 208]. Pursuant to the DIP Amendment, the Approved Budget (as defined in the Final Order) was extended until January 11, 2014.

**C.    The Sale of the Debtor's Assets**

9.    On October 23, 2013, the Court entered an *Order (A) Approving Procedures in Connection With the Sale(s) of Substantially All of the Debtor's Assets; (B) Scheduling Related Auction(s) and Hearing to Consider Approval of Sale; (C) Approving Procedures Related to the Assumption and Assignment of Certain of Debtor's Executory Contracts and Unexpired Leases; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief* (the "Bidding Procedures Order") [Docket No. 93]. Pursuant to the Bidding Procedures Order, the Debtor divided its assets into two groups: (a) Lot 1, primarily consisting of intellectual property, for which it had a stalking horse purchaser ("Lot 1 Assets"), and; (b) Lot 2, primarily consisting of equipment ("Lot 2 Assets"), for which it had no purchaser as of the date of filing its motion to approve the sale and bid procedures.

10.    The Debtor received several indications of interest for the Lot 2 Assets. Based on the Debtor's analysis of the indications of interest it received with regard to the Lot 2 Assets, and after consulting with secured creditors, the Debtor determined that it likely would not receive sufficiently high enough bids for the Lot 2 Assets to offset the expense to the Debtor's estate in continuing the sale process. Therefore, the Debtor ceased to pursue a sale of the Lot 2 Assets.

11.     The Debtor continued to press forward with its efforts to market and sell the assets in Lot 1.  The Debtor did not receive any qualifying bids, and after consulting with the Committee and secured parties, it determined to cancel the Lot 1 auction and proceed with the sale of the assets to the stalking horse bidder.

12.     On November 19, 2013 the Court entered the *Order (A) Authorizing the Sale of Certain of the Debtors Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, Except as Provided in the Successful Bidders Purchase Agreement; (B) Authorizing and Approving Purchase Agreement Related Thereto; (C) Approving the Assumption and Assignment of Certain of the Debtors Executory Contracts Related Thereto; and (D) Granting Related Relief* (the "Sale Order") [Docket No. 182].

13.     On December 4, 2013, pursuant to the Sale Order, the Debtor closed the sale of the Lot 1 Assets.

**D.     Current Status of the Chapter 11 Case**

14.     On November 22, 2013, the Committee filed the Motion of the Official Committee of Unsecured Creditors for Order Approving Term Sheet for Settlement Agreement Between Official Committee of Unsecured Creditors and Prepetition Lenders (the "Committee Settlement Motion") [Docket No. 189].  On December 6, 2013 the United States Trustee filed the Objection to Motion of the Official Committee of Unsecured Creditors for Order Approving Term Sheet for Settlement Agreement Between Official Committee of Unsecured Creditors and Prepetition Lenders (the "UST Objection") [Docket No. 217].   The Committee Settlement Motion is currently scheduled for a hearing on January 9, 2013 at 9:30 a.m.

15.     The Debtor and its advisors have spent considerable time evaluating options for concluding the case.  The Debtor has engaged in numerous discussions about its exit strategy, including whether a plan of liquidation could be confirmed in this case, with all major

4

constituents, including the Committee and its secured lenders.  With respect to a plan, the parties have thoroughly vetted whether there are sufficient resources to confirm a plan and what value could be derived by creditors from having a liquidating plan.

16.     As reflected in the Approved Budget, the Debtor has limited resources, constraining its alternatives for an exit strategy.  The potential expense in confirmation a plan, including, in part, the expenses for remaining in Chapter 11 to complete a plan process, establishing a claims bar date and reconciling potential claims, are significant.  Under the current Approved Budget there is simply not sufficient cash remaining to continue funding the Chapter 11 Case, much less to fund a proposed plan.  The Debtor has also determined that it will recover little if any additional proceeds from its remaining accounts receivable.  After evaluating the costs and potential resources available under its approved budget and from remaining potential recoveries, the Debtor believes it cannot be assured that it could complete the plan confirmation process even under the best case scenario.

17.     Accordingly, the Debtor has determined that the interests of its creditors will best be served by converting this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code so that a chapter 7 trustee may distribute any remaining assets to creditors, while reducing the continuing costs involved in administering the Debtor's chapter 11 estate.

### RELIEF REQUESTED

18.     The Debtor respectfully requests the entry of an order converting this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

19.     The Debtor requests that the conversion be effective as of January 13, 2014, in order to allow the Debtor to complete the work necessary to permit an orderly transition into chapter 7.  Accordingly, the Debtor respectfully requests entry of an Order:

52238/0001-10157565v1

(a)     approving this Motion and converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, effective as of January 13, 2014;

(b)     directing the Debtor, within five (5) days of the Conversion Date and qualification of, and assumption of duties by the chapter 7 trustee, to turn over to the chapter 7 trustee possession and control of all records and property of the Debtor's estate in the Debtor's possession and control, as required by Fed. R. Bankr. P. 1019(4);

(c)     directing the Debtor, within fourteen (14) days of the Conversion Date, to file a schedule of unpaid debts incurred since commencement of the Chapter 11 Case, including the name and address of each creditor, as required by Fed. R. Bankr. P. 1019(5).

(d)     directing the Debtor, within thirty (30) days after the Conversion Date, to file and transmit a final report and account as required by Fed. R. Bankr. P. 1019(5)(A) to the Office of the United States Trustee; and

(e)     providing that all professionals employed by the Debtor's estate in the Chapter 11 Case must file, within  forty-five (45) days after the Conversion Date, a final fee application for approval of all fees and expenses incurred through the Conversion Date ("Final Fee Applications"), to the extent such professionals have not already done so.

## BASIS FOR RELIEF REQUESTED

20.     Section 1112(a) of the Bankruptcy Code allows a debtor to convert its case from chapter 11 to chapter 7, unless the debtor is not a "debtor in possession," the case was not originally filed as a voluntary case, or the case had already been converted at another party's request.  11 U.S.C. § 1112(a).

21.     The legislative history for section 1112(a) states that this subsection "gives the debtor the absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case."  In re Schuler, 119 B.R. 191, 192 (Bankr. W.D. Mo.

1990) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S. Rep. No. 989, 95th

Cong., 2nd Sess. 117 (1978)).  Other courts have also suggested that, provided the exceptions set

forth in section 1112(a) do not exist, a debtor has an absolute right to convert its case from

chapter 11 to chapter 7.  <u>See</u> <u>In re Texas Extrusion Corp.</u>, 884 F.2d 1142, 1161 (5th Cir. 1988);

<u>In re Marrill Alarm Systems, Inc.</u>, 100 B.R. 606, 607 (Bankr. S.D. Fla. 1989); <u>In re Dieckhaus</u>

<u>Stationers of King of Prussia, Inc.</u>, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (Section 1112(a)

"gives the debtor an absolute right to convert").

22.     As a threshold matter, none of the limitations provided in section 1112(a) of the

Bankruptcy Code on a debtor's right to convert are present because (i) the Debtor is a debtor in

possession, (ii) the case was commenced voluntarily, and (iii) there was no prior conversion.

Furthermore, extreme or unusual circumstances do not exist that would warrant denial of this

Motion.

23.     In addition, cause certainly exists to convert the Chapter 11 Case to a case under

chapter 7.  The Debtor currently has no unencumbered funds available to fund a Chapter 11 plan.

It is the Debtor's judgment that in the particular circumstances of the Chapter 11 Case, the goal

of maximizing the net recoveries to creditors will best be achieved through the kind of patient

and orderly process that may be administered by a chapter 7 trustee.

<u>NOTICE</u>

24.     Notice of this Motion has been provided to: (i) the Office of the United States

Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002; (iii) counsel to

Committee; and (iv) counsel for the DIP Lenders.  In light of the nature of relief requested

herein, the Debtor respectfully submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter an order converting

the Debtor's Chapter 11 Case to a case under chapter 7 of Bankruptcy Code as of the Conversion

7

Date of January 13, 2014 and that the Debtor be granted such other and further relief as may be

just and proper under the circumstances.

Dated: December 19, 2013

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.


By:     */s/ Patrick J. Reilley*
        Norman L. Pernick (No. 2290)
        Marion M. Quirk (No. 4136)
        Patrick J. Reilley (No. 4451)
        500 Delaware Avenue, Suite 1410
        Wilmington, DE  19801
        Telephone: (302) 652-3131
        Facsimile: (302) 652-3117

        Counsel for the Debtor and Debtor in
        Possession

52238/0001-10157565v1