# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NIRVANIX, INC. | Case No. 13-12595 (BLS) |
| Debtor.[1] | Re: Dkt. Nos. 189, 217, 244 & ____ |

## ORDER APPROVING
## SETTLEMENT AGREEMENT BETWEEN THE OFFICIAL COMMITTEE OF
## UNSECURED CREDITORS AND PREPETITION LENDERS

Upon consideration of the Motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order approving the settlement agreement (the "Settlement Agreement") by and between the Committee for Nirvanix, Inc. (the "Committee"), and TriplePoint Capital LLC ("TriplePoint"), Khosla Ventures IV, LP and Khosla Ventures IV (CF), LP (collectively, "KV"; together with TriplePoint, the "Lenders"), annexed hereto as Exhibit A, and approving the compromise of controversy between the Parties pursuant to Bankruptcy Rule 9019; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the hearing was sufficient and proper; (d) that a hearing was held on January 9, 2014 and upon the objection of the United States Trustee to the Motion [Docket No. 217] the Court overruled the United States Trustee's objections; and (e) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the

---

[1] The last four digits of the Debtor's federal tax identification number are 6586. The Debtor's headquarters and mailing address is 9191 Towne Centre Drive, Suite 510, San Diego, CA 92122.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

{00013176. }DOCS_DE:191248.1 49153/001

relief granted herein; and it appearing to the Court that the Motion should be approved, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Settlement Agreement is approved.

3. The Committee and/or the Creditor Trustee on behalf of the General Unsecured Creditor Trust shall have standing to investigate, pursue, litigate and settle the Chapter 5 Causes of Action (as such term is defined in the Settlement Agreement) and any claims (to the extent not already released) described in paragraph 3(a) of the Settlement Agreement. Any and all rights to proceeds arising from the Chapter 5 Causes of Action (as such term is defined in the Settlement Agreement) shall be transferred pursuant to the terms of the Settlement Agreement. The Creditor Trustee on behalf of the General Unsecured Creditor Trust shall have standing to make claim objections as a party in interest in this case.

4. The Debtor shall cooperate with the Committee and will make a reasonable effort to provide documents and information relating to support for Chapter 5 Causes of Action in response to reasonable requests of the Committee.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

7.  The Parties are authorized to take such steps as may be necessary to implement the terms of the Settlement Agreement and this Order.

Dated: January 27, 2014

*[signature]*
The Honorable Brendan L. Shannon
United States Bankruptcy Judge