# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NIRVANIX, INC. | Case No. 13-12595 (BLS) |
| Debtor.[1] | Related to Doc. No. 231 |

## ORDER CONVERTING THE DEBTOR'S CHAPTER 11
## CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

Upon consideration of the *Debtor's Motion for an Order Converting the Debtor's Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code* (the "Motion"),[2] and upon the record of the hearing on the Motion, and the record of the Chapter 11 Case; and the arguments of counsel, if any; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finding that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth herein.

---

[1] The last four digits of the Debtor's federal tax identification number are 6586. The Debtor's headquarters and mailing address is 9191 Towne Centre Drive, Suite 510, San Diego, CA 92122.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Motion.

52238/0001-10196716v

2.      The Chapter 11 Case is converted, pursuant to 11 U.S.C. § 1112(a), to a case under chapter 7 of the Bankruptcy Code, effective as of the date of entry of this Order (the "Conversion Date").

3.      Notwithstanding the occurrence of the Conversion Date and the appointment of the chapter 7 trustee, and in accordance with the *Final Order (I) Authorizing Debtor to Obtain Postpetition Secured Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Adequate Protection, and (IV) Granting Certain Related Relief* (the "Final DIP Order"), the Debtors shall transfer all Cash Collateral (as defined in the Final DIP Order) to Khosla Ventures ("KV") KV for application to the DIP Loan Obligations and transfer all accounts receivables to the Prepetition Lenders pursuant to Paragraph 24 of the Final DIP Order, except the $25,000 carveout (the "Carve-out") provided under Paragraph 13(a)(iv) of the Final DIP Order; provided, however, any surplus Carve-out shall be transferred to KV; provided, further, that the Debtors may retain the funds in the Trust Account to pay the allowed fees of the Estate Professionals in accordance with the Final DIP Order and the First Amendment to the Final DIP Order.

4.      Notwithstanding anything in this Order to the contrary, the funds held in the Trust Account (defined in the Final DIP Order), to pay the allowed fees of the professionals retained by the Debtor, the Debtor's estate or the official committee of unsecured creditors (collectively, the "Estate Professionals") in accordance with the Final DIP Order, shall not be returned to KV, except in accordance with the requirements in paragraph 7 below.

5.      The Prepetition Lenders may, without being subject to the automatic stay under Section 362 of the Bankruptcy Code, (i) foreclose or otherwise enforce the Prepetition Liens (as defined in the Final DIP Order) pursuant to the Prepetition Loan Documents (as defined in the Final DIP Order) and applicable non-bankruptcy law; and (ii) exercise any and all other default-

related right and remedies related to the collateral under applicable non-bankruptcy law, including but not limited to enforcing and exercising the Debtors' rights (including the prosecution of civil actions) with respect to all Collateral (as defined in the Prepetition Loan Documents) and to otherwise act on the Debtors' behalf with respect to collateral pursuant to applicable non-bankruptcy law.

6. All professionals employed by the Debtor's estate in the Chapter 11 Case shall file, within forty-five (45) days after the Conversion Date, a final fee application for approval of all fees and expenses incurred through the Conversion Date, to the extent such professionals have not already done so. All approved fee amounts for counsel for the Official Committee of Unsecured Creditors shall not exceed $80,000 in the aggregate and shall be paid from the Trust Account (as defined in the Final DIP Order).

7. Following entry of a final non-appealable order on a final fee application for an Estate Professional, any fees in the Trust Account (as defined in the Final DIP Order) in excess of the fees incurred and allowed for such Estate Professional shall be returned to KV for application to the outstanding DIP Obligations (as defined in the Final DIP Order).

8. The Debtor shall:

(a) Within five (5) days after the Conversion Date, turn over to the chapter 7 trustee all records and property of the estate under its custody and control as required by Fed. R. Bankr. P. 1019(4).

(b) Within fourteen (14) days after the Conversion Date, file a schedule of unpaid debts incurred after commencement of the superseded case including the name and address of each creditor, as required by Fed. R. Bankr. P. 1019(5).

(c) Within fifteen (15) days after the Conversion Date, file the statements and schedules required by Fed. R. Bankr. P. 1019(1)(A) and 1007(b) if such documents have not already been filed.

(d) Within thirty (30) days after the Conversion Date, file and transmit a final report and account as required by Fed. R. Bankr. P. 1019(5)(A) to the Office of the United States Trustee.

9. A representative of the Debtor and, if requested by the Chapter 7 trustee, counsel to the Debtor in this Chapter 11 case, shall appear at the first meeting of creditors after conversion of the Debtor's case to chapter 7 pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: February 27, 2014
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Judge

52238/0001-10196716v